IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN ALSBROOK, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO.   24-6535 |
| | : | |
| JASON BOHINSKI, *et al.*, | : | |
| Respondents. | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                                      **October 29, 2025**

Marvin Alsbrook objects to Magistrate Judge Sitarski's report and recommendation that his *habeas corpus* petition be denied as untimely.  Mr. Alsbrook attributes the untimeliness of his petition to the COVID-19 pandemic, arguing that at the time he sought to file his petition, inmates at SCI Dallas were permitted limited time in the law library, and that he did not receive notice that his PCRA petition had been terminated until after the period for appeal had expired. But courts within this district have held — and we agree — that the circumstances of the pandemic do not automatically render an untimely *habeas* petition reviewable.  Because we agree with Magistrate Judge Sitarski that Mr. Alsbrook's petition is untimely and that he is not entitled to equitable tolling, we dismiss Mr. Alsbrook's *habeas corpus* petition with prejudice.

**I.       Background**[1]

A jury found Marvin Alsbrook guilty of robbery, robbery of a motor vehicle, conspiracy to commit robbery, and related gun charges on April 14, 2015.[2]  DI 13 at 1.  Two months later,

---

[1] While Mr. Alsbrook objects to Judge Sitarski's factual and procedural findings in name, he does not meaningfully do so in substance.  DI 16 at 1.  Accordingly, we adopt Judge Sitarski's recitation of the facts and procedural background where undisputed.

[2] Judge Sitarski's report makes frequent citation to the factual and legal findings of the Philadelphia Court of Common Pleas (*Commonwealth v. Marvin Alsbrook*, No. CP-51-CR-0002093-2014) and Pennsylvania Superior Court (*Commonwealth v. Alsbrook*, No. 2298 EDA

1

on June 29, 2015, Mr. Alsbrook was sentenced to 320-822 months of incarceration for those crimes. DI 13 at 2. Mr. Alsbrook appealed his sentence but was unsuccessful: the Pennsylvania Superior Court affirmed his sentence on July 6, 2016, and the Pennsylvania Supreme Court declined review on December 7, 2016. *Id.* Then, on August 24, 2017, Mr. Alsbrook filed a *pro se* petition under the Post-Conviction Relief Act (PCRA). *Id.* His PCRA petition was dismissed by the PCRA court on August 28, 2020, and Mr. Alsbrook did not appeal that dismissal within the 30 days specified by statute. *Id.*

Over a year later, on November 3, 2021, Mr. Alsbrook sought to reinstate his appeal rights. *Id.* He filed a petition to appeal *nunc pro tunc*, asking the state court to permit him to appeal the PCRA court's denial of his petition despite its untimeliness. *Id.* His petition was granted on August 23, 2022 and his appeal rights were reinstated. *Id.* But the Pennsylvania Superior Court was unpersuaded and affirmed the denial of his petition by the PCRA court on February 27, 2024. *Id.* The Pennsylvania Supreme Court declined to review the denial of his PCRA petition on August 27, 2024. *Id.* Now, Mr. Alsbrook turns to federal court for relief, asking that this matter be remanded to state court for re-sentencing. DI 2 at 1. We referred this matter to Judge Sitarski for a report and recommendation on January 2, 2025. DI 4. On August 13, 2025, Judge Sitarski recommended that Mr. Alsbrook's petition be denied with prejudice as untimely. DI 13.

---

2015, 2016 WL 4924035 (Pa. Super. Ct. July 6, 2016) and *Commonwealth v. Alsbrook*, 315 A.2d 107, 2024 WL 797381 (Pa. Super. Ct. Feb. 27, 2024) (table opinion)). DI 13. We give deference to the findings of the state courts. *Id.*; *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) ("AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts.").

## II.  Standard of Review

We review *de novo* those portions of the R&R to which Mr. Torres has made specific, timely objections.  28 U.S.C. § 636(b)(1).  We are "not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. Appx. 142, 148 (3d Cir. 2016).  But we may "accept, reject, or modify, in whole or in part, the findings or recommendations" and "receive further evidence, or recommit the matter to the magistrate with instructions."  *Id.*  Given our responsibility to make an informed and final determination, we afford "reasoned consideration of the magistrate's report before adopting it as the decision of the court."  *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

## III.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a *habeas corpus* petition be filed within one year from the time a detainee's convictions become final.  28 U.S.C. § 2244(d)(1).  In most cases, a judgment becomes final at the "conclusion of direct review or the expiration of time for seeking such review," and the time during which a state post-conviction petition is pursued does not count against that limit.  28 U.S.C. §§ 2244(d)(1)(A), 2244(d)(2).  In limited circumstances, a tardy petition may be reviewable where strict application of the limitation period would be unfair.  *D.J.S.-W. BY Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020).  A *habeas* petition will not be given such equitable treatment, however, unless the petitioner can show he has been prevented from exercising his rights "'in some extraordinary way" and has "exercised due diligence in pursuing and preserving [his] claim.'"  *Id.* (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009)).

The time for Mr. Alsbrook to seek direct review of his conviction expired and his conviction became final 90 days from the Pennsylvania Supreme Court's denial of his petition

for allowance of appeal on December 7, 2016. DI 13 at 5; Sup. Ct. R. 13(1). In other words, the 365-day clock for Mr. Alsbrook to file his *habeas* petition began to run on March 7, 2017. The clock ran for 170 days from March 7, 2017, when the period for direct review elapsed, until August 24, 2017, when Mr. Alsbrook filed his PCRA petition. The clock resumed on September 28, 2020, 30 days after the PCRA court denied Mr. Alsbrook's petition. DI 13 at 2. Mr. Alsbrook's remaining 195 days ran out between September 28, 2020 and April 12, 2021, after he did not take a timely appeal within 30 days of the PCRA court's denial of his petition. Pa. R.A.P. 903. Accordingly, Mr. Alsbrook's *habeas* petition is untimely in the absence of equitable tolling. 28 U.S.C. § 2244(d)(1).

      Mr. Alsbrook's primary contention is that his petition is entitled to equitable tolling because he was diligent in the pursuit of his petition and because the prison safeguards in response to the pandemic prevented him from knowing that his PCRA petition had been terminated and further prevented him from preparing and filing his petition. DI 16 at 3. Specifically, Mr. Alsbrook says that during the pandemic he was quarantined in his cell for 23 hours and 45 minutes per day between March and August of 2020; the prison law library was closed such that he could not prepare his petition; and prison staff were accepting all incoming mail such that he did not receive the notification of the PCRA court's denial of his petition. *Id.* at 2, 4. In addition, Mr. Alsbrook seems to suggest that because he was permitted to file a belated appeal of his PCRA petition *nunc pro tunc*, he should be permitted to exercise his appeal rights in this court too. *Id.* at 4-5.

      First, we agree with Judge Sitarski that Mr. Alsbrook has not demonstrated the "reasonable diligence" required to impose equitable tolling. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)). And we disagree with Mr. Alsbrook that his diligence is shown by his effort to reinstate his appellate rights in the state

4

court and the immediacy of his appeal from the Superior Court's denial of his PCRA petition. DI 16 at 4-6. Before the pandemic started, Mr. Alsbrook permitted 170 days to elapse between the time his conviction became final on March 7, 2017, and the time he filed his PCRA petition on August 24, 2017. *See Dorsey v. Klingenfelter,* No. CV 23-2583, 2024 WL 3033588, at *2 (E.D. Pa. June 17, 2024) (Pappert, J.) (holding that *habeas* petitioner did not satisfy the reasonable diligence requirement where he "did not file his PCRA petition for 232 days" after his judgment became final and "four months before COVID-19 was declared a pandemic in the United States."). DI 16 at 5-6. This constitutes a significant allotment of days that Mr. Alsbrook could have, but did not, act.

Then, on September 28, 2020 — when Mr. Alsbrook did not file a timely appeal from the PCRA court's decision — he had 195 days remaining to prepare his *habeas* petition. DI 13 at 2; 28 U.S.C. § 2244(d)(1). And while Mr. Alsbrook explains that he was quarantined in his cell between March and August of 2020, he makes no contention that his ability to prepare his *habeas* petition was still so constrained by September of 2020, at which time the clock resumed on his petition. Nor did Mr. Alsbrook seek to reinstate his appellate rights until over a year later, on November 3, 2021. DI 13 at 2. Absent any additional evidence that Mr. Alsbrook pursued his rights diligently, we hold that Mr. Alsbrook is not entitled to equitable tolling.

Second, while normally the time during which a state post-conviction petition is pursued would not count against the time limit imposed by the AEDPA, 28 U.S.C. § 2244(d)(2), Mr. Alsbrook lost the benefit of this provision when he failed to appeal the PCRA court's denial of his petition within 30 days. Pa. R.A.P. 903. So, the "state court's acceptance of [his] appeal 'as within time' does not rewind AEDPA's one-year clock." *Martin v. Administrator New Jersey State Prison*, 23 F.4th 261, 264 (3d Cir. 2022). We therefore agree with Judge Sitarski that the

state court's acceptance of Mr. Alsbrook's petition to proceed *nunc pro tunc* does not remedy the untimeliness of his petition here. DI 13 at 8 (citing *Martin*, 23 F.4th at 271).

Third, Mr. Alsbrook has not shown that the circumstances here are extraordinary. *D.J.S.-W. BY Stewart*, 962 F.3d at 750. "The COVID-19 pandemic does not automatically warrant equitable tolling." *Russi v. Smith*, No. CV 20-4580, 2022 WL 118110, at *2 (E.D. Pa. Jan. 12, 2022) (quoting *United States v. Henry*, No. 17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa Dec. 14, 2020) (cleaned up)). Rather, the burden remains on the petitioner to establish that the COVID-19 pandemic specifically prevented him from exercising his rights. *Id*. As explained above, Mr. Alsbrook does not provide any sufficient explanation of how pandemic-related restrictions prevented the filing of his petition before or after the period he alleges the law library was closed from March until August of 2020. Nor does Mr. Alsbrook identify when and how he finally received notice of the fact that his PCRA petition was denied and the period to appeal had expired, or when any other pandemic-related restrictions were finally lifted. Thus, even assuming that Mr. Alsbrook had acted diligently, he has not shown that the circumstances limiting his ability to file a *habeas* petition were extraordinary.

## IV. Conclusion

We adopt Judge Sitarski's report and recommendation and dismiss Mr. Alsbrook's *habeas* petition with prejudice.